

# Your Missouri Courts



Search for Cases by:   Select Search Method... ⌄

## 20CY-CV06971 - MORRIS N WELLS V ATLAS VAN LINES, INC ET AL (E-CASE)

| Case Header/Parties | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending   ○ Ascending    **Display Options:** All Entries ⌄

---

**02/22/2022** ☐ **Corporation Served**

Document ID - 22-SMOS-7; Served To - DEDICATED TRANSPORT SERVICES, INC; Server - SPECIAL PROCESS SERVER; Served Date - 16-FEB-22; Served Time - 18:40:00; Service Type - Special Process Server; Reason Description - Served; Service Text - , by leaving with Beth Espie, Registered Agent.

☐ **Notice of Service**

Alias Summons Return of Summons to Dedicated Transport Services, Inc; Electronic Filing Certificate of Service.
     **Filed By:** ALEXANDER CONRAD MELIN
     **On Behalf Of:** MORRIS N WELLS

**02/14/2022** ☐ **Corporation Served**

Document ID - 22-SMCC-49; Served To - ATLAS VAN LINES, INC.; Server - SO COLE COUNTY-JEFFERSON CITY; Served Date - 01-FEB-22; Served Time - 08:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - , by leaving with CSC Lawyers, L.S. Designee.

**02/02/2022** ☐ **Summons Personally Served**

Document ID - 22-SMOS-8; Served To - WADE, TYRONE V; Server - SPECIAL PROCESS SERVER; Served Date - 02-FEB-22; Served Time - 11:00:00; Service Type - Special Process Server; Reason Description - Served; Service Text - .

☐ **Notice of Service**

Affidavit of Service of Summons to Tyrone Wade; Electronic Filing Certificate of Service.
     **Filed By:** ALEXANDER CONRAD MELIN

**01/21/2022** ☐ **Summ Issd- Circ Pers Serv O/S**

Document ID: 22-SMOS-8, for WADE, TYRONE V.

☐ **Summ Issd- Circ Pers Serv O/S**

Document ID: 22-SMOS-7, for DEDICATED TRANSPORT SERVICES, INC.

☐ **Summons Issued-Circuit**

Document ID: 22-SMCC-49, for ATLAS VAN LINES, INC..

**01/20/2022** ☐ **Alias Summons Requested**

Request for Alias Summonses; Electronic Filing Certificate of Service.
     **Filed By:** ALEXANDER CONRAD MELIN
     **On Behalf Of:** MORRIS N WELLS

**08/28/2020** ☐ **Summons Issued-Circuit**

Document ID: 20-SMCC-1044, for WADE, TYRONE V.

☐ **Summons Issued-Circuit**

Document ID: 20-SMCC-1043, for DEDICATED TRANSPORT SERVICES, INC..

EXHIBIT
tabbies
*A*

  ☐  **Summons Issued-Circuit**

      Document ID: 20-SMCC-1042, for ATLAS VAN LINES, INC..

**08/27/2020**  ☐  **Filing Info Sheet eFiling**

      **Filed By:** ALEXANDER CONRAD MELIN

  ☐  **Pet Filed in Circuit Ct**

      Petition for Damages.

      **Filed By:** ALEXANDER CONRAD MELIN

      **On Behalf Of:** MORRIS N WELLS

  ☐  **Judge Assigned**

Electronically Filed - Clay - August 27, 2020 - 04:34 PM

# IN THE CIRCUIT COURT OF CLAY COUNTY, LIBERTY, MISSOURI

MORRIS N. WELLS,
1633 SW Fredrick Drive
Lees Summit Mo 64081

                  Plaintiff,

v.

                                 Case No. _____
                                 JURY TRIAL REQUESTED

ATLAS VAN LINES, INC.,
Serve: CSC-Lawyers Incorporating Service Co.
      221 Bolivar Street
      Jefferson City, MO 65101

and

DEDICATED TRANSPORT SERVICES INC.,
Serve: Beth Espie
      3960 Royal Drive, Suite 200
      Kennesaw, GA 30144

and

TYRONE V. WADE,
131 Cedar Road
Ocala, FL 34472-8337

                  Defendants.

## PETITION FOR DAMAGES

COMES NOW Plaintiff, Morris N. Wells, by and through his undersigned attorneys of record, and for his causes of action against the Defendants Tyrone V. Wade, Atlas Van Lines, Inc. and Dedicated Transport Services, Inc., states and allege as follows:

    1.    Plaintiff Morris N. Wells (hereinafter "Plaintiff") is a citizen and resident of the State of Missouri.

    2.    Defendant Tyrone V. Wade (hereinafter "Defendant Wade") is a citizen and

1

resident of the State of Florida residing at 131 Cedar Road, Ocala, Florida 34472-8337.

3.     Defendant Atlas Van Lines, Inc. (hereinafter "Defendant AVLI") is a foreign corporation organized under the laws of the State of Delaware. Defendant AVLI has its principal place of business in the State of Indiana at 1212 Saint George Road, Evansville, Indiana 47711. Defendant AVLI was first registered as a foreign corporation registered to do business in the State of Missouri on April 24, 2019, after the motor vehicle collision described herein, despite conducting business in the State of Missouri by and through its agent Defendant Wade at the time of the collision at issue described herein. Defendant AVLI may be served with service of process via its registered agent CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

4.     Dedicated Transport Services, Inc., (hereinafter "Defendant DTSI") is a foreign corporation organized under the laws of the state of Georgia with its principal place of business located at 3960 Royal Drive, Suite 200, Kennesaw, Georgia 30144. Defendant DTSI may be served with service of process via its registered agent, Beth Espie, at its principal place of business.

5.     This Court has subject matter jurisdiction over this action pursuant to Missouri Constitution art. V, § 14.

6.     This Court has specific personal jurisdiction over Defendants Wade, AVLI, and DTSI because Defendant Wade committed tortious acts within the State of Missouri in Clay County, as set forth in greater detail herein and thereby negligently and recklessly causing the motor vehicle collision at issue in this case described herein; Defendants AVLI and DTSI each committed tortious acts in the state of Missouri by and through their agent Defendant Wade, who was driving in within the course and scope of is his agency and employment in the course and

2

scope of Defendant AVLI and Defendant DTSI's respective businesses at the time of the collision; and Defendants' acts and omissions that give rise to Plaintiff's claims caused Plaintiff's injuries and damages to occur in the State of Missouri within the territorial confines of Clay County, Missouri and certain of these acts and omissions, as more fully described herein, were continuous and ongoing in Missouri at the time Plaintiff was injured as set forth more fully herein.

      7.     Venue is proper in this Court at Clay County, Missouri because Plaintiff was first injured within the territorial confines of Clay County, Missouri.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

      8.     On February 15, 2019 at around 12:30 p.m., Plaintiff was driving his tractor-trailer southbound on Interstate 35 in the vicinity of Kearney in Clay County, Missouri just north of Kansas City, Missouri. At that time and place, there was a heavy snowstorm occurring during heavy traffic in slick, icy, and snowy road conditions. Ahead of Plaintiff was a wrecker tow truck clearing a prior crash. Upon information and belief, the wrecker tow truck was stationary and displaying red or red and blue lights, or amber or amber and white lights. Plaintiff, who was driving slowly in the left lane, slowed down even more due to the other traffic ahead.

      9.     Immediately thereafter, Defendant Wade, who was as driving an Atlas Van Lines tractor-trailer southbound on the Interstate 35 in Clay County, Missouri in the right lane behind Plaintiff, approached at high rate of speed that was excessive for the weather, traffic, and roadway conditions then existing.

      10.    Upon information and belief, Defendant Wade braked and attempted to change lanes to the left or, in the alternative, attempted to overtake and pass Plaintiff in the lane to Plaintiff's right. Defendant Wade's tractor-trailer started sliding and veered left out of the right

3

lane. Defendant Wade's trailer collided into Plaintiff's tractor-trailer in the left lane. Defendant Wade's tractor-trailer then collided with two other motor vehicles that were ahead of Plaintiff's tractor-trailer. As a direct result of the foregoing collision with Plaintiff's tractor-trailer, Plaintiff's tractor-trailer slid and collided into a cable-barrier on the left edge of the roadway and pylons holding up the cable. Plaintiff's tractor-trailer finally came to rest partially in the ditch, striking against the tow-truck that was ahead of Plaintiff. These events are hereinafter referred to in this Petition as the "Collision."

11.     In the collision, Plaintiff's head was violently thrown about and struck the interior of the driver-side door.

12.     Upon information and belief, at the time of the collision Defendant Wade was distracted and was not being attentive to the vehicles around him.

13.     Upon information and belief, Defendant Wade was driving at a speed too high for the conditions which included heavy snowfall, snowy and slick winter roadways, and heavy traffic, and his conduct in so driving prior to and at the time of the collision constituted reckless driving.

14.     Upon information and belief, at the time of the collision, Defendant Wade was serving as an agent of both Defendant AVLI and Defendant DTSI, which were operating the tractor-trailer rig of Defendant Wade by and through Defendant Wade as their agent.

15.     At all times relevant herein, each Defendant had the duty to operate the tractor-trailer of Defendant Wade with the requisite degree of care, skill, and prudence.

16.     As a direct and proximate result of the collision, Plaintiff suffered injuries, damages, and physical and mental pain and anguish and will continue to suffer the same into the future. Specifically, Plaintiff suffered injuries and damage to his head and brain, neck, ribs, back,

4

shoulders, spine, right leg, emotional and cognitive problems, hearing loss, insomnia, vision impairment, syncope, hot flashes, sexual dysfunction and PTSD, and upon information and belief, has injury and damage to his pituitary gland and endocrine system based on his symptomology.

17.     The injuries Plaintiff sustained as a direct and proximate result of the collision required medical treatment, and Plaintiff will continue to require medical treatment to cure and alleviate the symptoms and problems that he now experiences, which are likewise a direct and proximate result of the collision.

18.     As a direct and proximate result of the collision, Plaintiff incurred medical expenses to treat, cure, and alleviate the symptoms and problems that he now experiences as a result of the collision; and he will continue to incur medical expenses as his treatment progresses to treat, cure and alleviate the aforesaid symptoms and problems that he will experience in the future as a result of the collision.

19.     As a direct and proximate result of the collision, Plaintiff suffered past lost wages, lost revenue, and lost profits and will continue to suffer future lost wages, lost revenue and lost profits into the future.

20.     As a direct and proximate result of the collision, Plaintiff suffered a loss of income-earning capacity and this will continue into the future.

21.     As a direct and proximate result of the collision, Plaintiff suffered consequential damages.

22.     As a direct and proximate result of the collision, Plaintiff was unable to work for a long period of time, was unable to pay debts and obligations as they came due, and was forced to file Chapter 13 bankruptcy.

23.     At all times material hereto, Defendant DTSI and Defendant AVLI were each a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as these terms are used and defined in the United States Federal Motor Carrier Safety Regulations and is subject to such rules and regulations as promulgated and codified within 49 CFR Parts 390, *et seq.*

24.     At all times material hereto, the State of Missouri has adopted the United States Federal Motor Carrier Safety Regulations as standards and laws of the state pursuant to § 390.201, R.S.Mo.

25.     At all times material hereto, the subject tractor-trailer driven by Defendant Wade on the date of the collision was a "commercial motor vehicle" under 49 C.F.R. § 390.5 and was operated under the motor carrier authority of Defendant AVLI. At all times material hereto, the subject tractor-trailer bore the placard of Defendant AVLI and USDOT No. 125550.

26.     At all times material hereto, Defendant Wade operated the subject tractor-trailer; with the knowledge, consent, and permission of Defendant AVLI.

27.     At all times material hereto, Defendant Wade operated the subject tractor-trailer; with the knowledge, consent, and permission of Defendant DTSI.

28.     Upon information and belief, at all times material hereto, the tractor-trailer was owned by or leased, in whole or in part, to Defendant DTSI, Defendant AVLI, or some combination of the two, who had the exclusive rights to possession, control, and use of the subject tractor-trailer.

29.     Less than one year before the collision, Defendant Wade had committed and been convicted of speeding in a commercial motor vehicle in the state of California and improper backing in the state of Illinois, but nevertheless continued to drive for Defendant AVLI and Defendant DTSI on the date of the collision.

30.     The collision and the injuries and damages caused thereby to Plaintiff were reasonably foreseeable consequences of the breaches of duties of Defendants set forth herein.

## COUNT 1 – NEGLIGENCE OF DEFENDANT TYRONE V. WADE

31.    Plaintiff incorporates by reference the facts and allegations stated in all the preceding paragraphs of this Petition as though fully set forth below.

32.    On the above-stated date and time of the collision, Defendant Wade had the duty to operate his tractor-trailer (also variously hereinafter denoted as "vehicle") in a safe and reasonable manner;

33.    On the above-stated date and time of the collision, Defendant Wade had the duty to exercise the highest degree of care when operating his vehicle;

34.    On the above-stated date and time of the collision Defendant Wade had the duty to comply with all applicable motor vehicle laws and motor carrier safety regulations;

35.    On the above-stated date and time and immediately before and at the time of the collision, Defendant Wade had the duty to:

    a.    To keep a careful lookout;

    b.    Operate his vehicle entirely within a single lane and only change lanes when it was safe to do so;

    c.    Not overtake and pass a vehicle on the right if such a movement unless such a movement can be made safely;

    d.    To yield the right of way to vehicles already in the adjacent left lane;

    e.    To not drive at an excessive speed;

    f.    To drive at a speed at which it was possible for him to stop within the range of his visibility;

    g.    Keep his vehicle under proper control;

    h.    Slow or stop his vehicle prior to colliding with Plaintiff's vehicle;

i.    To stop, or swerve, or slacken his speed, or sound a warning, or slacken his speed and swerve, or slacken his speed and sound a warning, or swerve and sound a warning once he knew or by the highest degree of care should have known that there was a reasonable likelihood of collision;

j.    To not operate his vehicle in a fatigued, impaired, or distracted condition;

k.    Operate his vehicle in a safe and prudent manner;

l.    Not recklessly operate his motor vehicle;

m.    Proceed with caution and yield the right-of-way, if possible with due regard to safety and traffic conditions, by making a lane change into a lane not adjacent to that of a stationary vehicle displaying lighted red or red and blue lights, or amber or amber and white lights, if on a roadway having at least four lanes with not less than two lanes proceeding in the same direction as the approaching vehicle; or proceed with due caution and reduce the speed of the vehicle, maintaining a safe speed for road conditions, if changing lanes would be unsafe or impossible;

n.    Drive at a speed safe for the conditions and circumstances then-present in the area and where the collision occurred;

o.    Observe the Missouri Rules of the Road; and

p.    Abide by all applicable Federal Motor Carrier Safety Administration Regulations.

36.    At the time of the collision, Defendant Wade failed in each of these duties and was therefore negligent.

8

37.    At the time of the collision, Defendant Wade was negligent, careless and reckless in causing the collision and Plaintiff's resulting injuries and damages, and breached his duty to exercise the highest degree of care through following acts and omissions of negligence and recklessness:

    a.    Failing to keep a careful lookout;

    b.    Failing to operate his vehicle entirely within a single lane and only change lanes when it was safe to do so;

    c.    Failing to yield the right of way to Plaintiff's vehicle already in the adjacent left lane;

    d.    Overtaking Plaintiff's vehicle on the right when such movement could not be done in safety;

    e.    Driving at an excessive speed;

    f.    Driving at a speed at which it was impossible for him to stop within the range of his visibility;

    g.    Failing to keep his vehicle under proper control;

    h.    Failing to slow or stop his vehicle prior to colliding with Plaintiff's vehicle;

    i.    Failing to stop, or swerve, or slacken his speed, or sound a warning, or slacken his speed and swerve, or slacken his speed and sound a warning, or swerve and sound a warning once he knew or by the highest degree of care should have known that there was a reasonable likelihood of collision;

    j.    Operating his vehicle in a fatigued, impaired, or distracted condition;

9

k.  Failing to operate his vehicle in a safe and prudent manner;

l.  Recklessly operating his motor vehicle;

m.  Failing to proceed with caution and yield the right-of-way, if possible with due regard to safety and traffic conditions, by making a lane change into a lane not adjacent to that of a stationary vehicle displaying lighted red or red and blue lights, or amber or amber and white lights, if on a roadway having at least four lanes with not less than two lanes proceeding in the same direction as the approaching vehicle; or proceed with due caution and reduce the speed of the vehicle, maintaining a safe speed for road conditions, if changing lanes would be unsafe or impossible;

n.  Failing to drive at a speed safe for the conditions and circumstances then-present in the area and where the collision occurred;

o.  Failing to observe the Missouri Rules of the Road;

p.  Failing to abide by all applicable Federal Motor Carrier Safety Administration Regulations, as set forth in greater detail in Count 2; and

q.  In such other ways as may be uncovered in discovery and proven by the evidence.

38.  As a direct and proximate result of Defendant Wade's negligence and breaches of duty, Defendant Wade caused the collision and caused Plaintiff to sustain the injuries and damages in the collision set forth above.

39.  The collision and the injuries and damages caused thereby were reasonably foreseeable.

10

Electronically Filed - Clay - August 27, 2020 - 04:34 PM

WHEREFORE, the Plaintiff prays for judgment in Count 1 against Defendant Wade and requests this Court award a fair and reasonable amount in excess of $25,000.00 to compensate the Plaintiff for all his injuries and damages, that the Court award the Plaintiff his costs and expenses incurred herein, post-judgment interest at the lawful rate, and for such other and further relief as this Court deems right and just under the circumstances.

### COUNT 2 – NEGLIGENCE PER SE OF TYRONE V. WADE

40.    Plaintiff incorporates by reference the facts and allegations stated in all the preceding paragraphs of this Petition as though fully set forth below.

41.    Upon information and belief, before and at the time of the collision, Defendant Wade violated multiple Missouri state statutes and United States Federal Motor Carrier Safety Regulations, including, without limitation:

      a.    § 304.012, R.S.Mo., establishing the duty to exercise the highest degree of care in the operation of a motor vehicle and to drive vehicles in a careful and prudent manner and at a rate of speed so as to not endanger the property, life, or limb of others;

      b.    § 304.014, R.S.Mo., establishing that every person operating or driving a vehicle upon the highways of the state of Missouri shall observe and comply with the rules of the road;

      c.    § 304.016, R.S.Mo., establishing that a vehicle may not overtake and pass to the right of another vehicle if such movement cannot be made in safety;

      d.    § 304.017.1, R.S.Mo., which requires motor vehicle operators not to follow another vehicle more closely than is reasonably safe and prudent,

having due regard for the speed of such vehicles and traffic upon and the
condition of the roadway;

e.    § 304.044.1, R.S.Mo., which requires operators of semi-tractors or trailers
to follow no closer than 300 feet from another vehicle;

f.    § 304.015(5)(1), R.S.Mo., establishing the obligation to drive within a
single lane and to change lanes only after ascertaining it is safe to do so;

g.    § 304.022, R.S.Mo., establishing the obligation to proceed with caution
and yield the right-of-way, if possible with due regard to safety and traffic
conditions, by making a lane change into a lane not adjacent to that of a
stationary vehicle displaying lighted red or red and blue lights, or amber or
amber and white lights, if on a roadway having at least four lanes with not
less than two lanes proceeding in the same direction as the approaching
vehicle; or proceed with due caution and reduce the speed of the vehicle,
maintaining a safe speed for road conditions, if changing lanes would be
unsafe or impossible;

h.    49 C.F.R. Part 390, which pertains to the safe operation of a motor carrier,
the training, supervision, and duties of motor carriers and their employees,
and to aiding and abetting violations of the rules and regulations;

i.    49 C.F.R. § 391.11, which prohibits a person from driving a commercial
motor vehicle unless he is qualified to do so;

j.    49 C.F.R. § 392.2, establishing the obligation to operate a commercial
motor vehicle in accordance with the regulations of the Federal Motor

Carrier Safety Administration and all the laws, ordinances, and regulations
of the State of Missouri;

k.     49 C.F.R. § 392.3, establishing the obligation to not drive a commercial
       motor vehicle while the driver's ability or alertness is impaired in any
       way; and

l.     49 C.F.R. § 392.14, establishing that extreme caution in the operation of a
       commercial motor vehicle shall be exercised when hazardous conditions,
       such as those caused by snow or ice, adversely affect traction and that
       speed shall be reduced when such conditions exist; and

m.     49 C.F.R. § 392.3, which prohibits the operation of a commercial motor
       vehicle when the operator is too ill or fatigued to drive safely.

42.    Defendant breached his statutory duty to exercise the highest degree of care by
violating the aforementioned and the respective statutes and regulations set forth above by
engaging in the following acts, omissions, and conduct, which included, but which was not
limited to the following:

a.     Failing to keep a careful lookout;

b.     Failing to operate his vehicle entirely within a single lane and only change
       lanes when it was safe to do so;

c.     Failing to yield the right of way to Plaintiff's vehicle already in the
       adjacent left lane;

d.     Overtaking Plaintiff's vehicle on the right when such movement could not
       be done in safety;

e.     Driving at an excessive speed;

13

f.  Driving at a speed at which it was impossible for him to stop within the range of his visibility;

g.  Failing to keep his vehicle under proper control;

h.  Failing to slow or stop his vehicle prior to colliding with Plaintiff's vehicle;

i.  Failing to stop, or swerve, or slacken his speed, or sound a warning, or slacken his speed and swerve, or slacken his speed and sound a warning, or swerve and sound a warning once he knew or by the highest degree of care should have known that there was a reasonable likelihood of collision;

j.  Operating his vehicle in a fatigued, impaired, or distracted condition;

k.  Failing to operate his vehicle in a safe and prudent manner;

l.  Recklessly operating his motor vehicle;

m.  Failing to proceed with caution and yield the right-of-way, if possible with due regard to safety and traffic conditions, by making a lane change into a lane not adjacent to that of a stationary vehicle displaying lighted red or red and blue lights, or amber or amber and white lights, if on a roadway having at least four lanes with not less than two lanes proceeding in the same direction as the approaching vehicle; or proceed with due caution and reduce the speed of the vehicle, maintaining a safe speed for road conditions, if changing lanes would be unsafe or impossible;

n.  Failing to drive at a speed safe for the conditions and circumstances then-present in the area and where the collision occurred;

14

o.   Failing to observe the Missouri Rules of the Road;

p.   Failing to abide by all applicable Federal Motor Carrier Safety Administration Regulations, without limitation, by:

1.   Driving a commercial motor vehicle at the time of the collision when not qualified to do so;

2.   Operating a commercial motor vehicle while violating the laws of the state of Missouri and regulations of the Federal Motor Carrier Safety Administration set forth above and below at the time of the collision;

3.   Driving while his ability or alertness was impaired at the time of the collision;

4.   Failing to exercise extreme caution in the operation of a commercial motor vehicle when hazardous conditions, such as those caused by snow or ice, adversely affected his traction and to reduce his speed when such conditions existed before and at the time of the collision;

5.   Driving at the time of the collision when he was too ill or fatigued to drive safely;

q.   In such other ways as may be uncovered in discovery and proven by the evidence.

43.   Plaintiff, as a traveler in a motor vehicle on a public highway in the state of Missouri, was a member of the class of persons intended to be protected by the above-referenced statutes and regulations.

15

44. Plaintiff, as commercial motor vehicle driver subject to the Federal Motor Carriers Safety Regulations and as a traveler in a motor vehicle on an interstate highway in the state of Missouri on which vehicles governed by the United State Federal Motor Carrier Safety Regulations drive, was a member of the class of persons intended to be protected by the above-referenced statutes and regulations.

45. The serious personal injuries and damages sustained by Plaintiff were of the kind the above-referenced statutes and regulations were designed and intended to prevent.

46. Defendant Wade's violations of the above-referenced statutes and regulations constituted breaches of his duties set forth above, constituted negligence, directly and proximately caused the collision, and were individually and collectively the proximate and direct cause of Plaintiff's injuries and damages as set forth above.

47. The collision and injuries and damages caused by Defendant Wade were a reasonably foreseeable consequence of the Defendant's negligent and reckless acts and omissions and violations of the foregoing statutes and regulations.

48. In light of the foregoing, the Defendant's conduct constitutes negligence per se.

WHEREFORE, the Plaintiff prays for judgment in Count 2 against Defendant Wade and requests this Court award a fair and reasonable amount in excess of $25,000 to compensate Plaintiff for all his injuries and damages, that the Court award Plaintiff his costs and expenses incurred herein, post-judgment interest at the lawful rate, and for such other and further relief as this Court deems right and just under the circumstances.

## COUNT 3 – VICARIOUS LIABILITY OF
## ATLAS VAN LINES, INC. AND DEDICATED TRANSPORT SERVICES, INC.

49. Plaintiff incorporates by reference the facts and allegations stated in all the preceding paragraphs of this Petition as though fully set forth below.

50.     At the time of the February 15, 2019 collision, Defendant Wade was employee or other agent of both Defendant AVLI and Defendant DTSI.

51.     Defendants AVLI and Defendant DTSI are each vicariously liable for the acts of Defendant Wade for the causes of action described in Counts 1 and 2 herein under principles of *respondeat superior* and for all the damages, costs, and expenses that may be assessed against him in this matter.

WHEREFORE, the Plaintiff prays for judgment in Count 3 against Defendant AVLI and Defendant DTSI and requests this Court award a fair and reasonable amount in excess of $25,000 to compensate Plaintiff for all of his injuries and damages, that the Court award Plaintiff his costs and expenses incurred herein, post-judgment interest at the lawful rate, and for such other and further relief as this Court deems right and just under the circumstances.

## COUNT 4 – STRICT LIABILITY OF
## ATLAS VAN LINES, INC. AND DEDICATED TRANSPORT SERVICES, INC.

52.     Plaintiff incorporates by reference the facts and allegations stated in all the preceding paragraphs of this Petition as though fully set forth below.

53.     Upon information and belief, Defendant AVLI is the registered owner or lessee of the tractor-trailer involved in the February 15, 2019 collision and is therefore responsible for the acts of the driver of that vehicle, Defendant Wade, irrespective of whether Defendant Wade is an employee of Defendant AVLI.

54.     Upon information and belief, Defendant DTSI is the registered owner or lessee of the tractor-trailer involved in the February 15, 2019 collision and is therefore responsible for the acts of the driver of that vehicle, Defendant Wade, irrespective of whether Defendant Wade is an employee of Defendant DTSI.

55.     Defendant Wade committed the tortious acts described above that give directly

17

and proximately caused injuries and damages to Plaintiff and gave rise to his liability to Plaintiff, and Defendants AVLI and DTSI and are strictly liable for Plaintiff's damages that may be assessed against Defendant Wade.

WHEREFORE, the Plaintiff prays for judgment in Count 4 against Defendant AVLI and Defendant DTSI and requests this Court award a fair and reasonable amount in excess of $25,000 to compensate Plaintiff for all of his injuries and damages, that the Court award Plaintiff his costs and expenses incurred herein, post-judgment interest at the lawful rate and for such other and further relief as this Court deems right and just under the circumstances.

### COUNT 5 – NEGLIGENCE OF
### ATLAS VAN LINES, INC. AND DEDICATED TRANSPORT SERVICES, INC.

56.     Plaintiff incorporates by reference the facts and allegations stated in all the preceding paragraphs of this Petition as though fully set forth below.

57.     Defendant AVLI and Defendant DTSI each had duties to act reasonably in hiring, training, supervising, and retaining drivers and to promulgate and enforce rules, regulations, and policies to ensure that their drivers, including Defendant Wade, operate vehicles in a reasonably safe manner.

58.     Upon information and belief, at the time of the February 15, 2019 collision, Defendant AVLI and Defendant DTSI each failed in the aforementioned duties and breached those duties, and each was therefore negligent.

59.     Defendants AVLI and Defendant DTSI were negligent, careless, and reckless in at least the following respects, which directly and proximately resulted in the collision and caused Plaintiff's injuries and damages:

a.      Hiring Defendant Wade when each knew, or should have known, of his prior driving violations on his Florida driving record;

b.    Hiring Defendant Wade when each knew or should have known he had inadequate experience, training, knowledge, and skills, to safely operate the tractor-trailer rig he was driving at the time of the wreck;

c.    Retaining Defendant Wade when each knew or should have known he had inadequate experience, training, knowledge, and skills, to safely operate the tractor-trailer rig he was driving at the time of the wreck;

d.    Retaining Defendant Wade when each knew or should have known of his prior convictions for traffic offenses committed in California for speeding in a commercial motor vehicle and state of Illinois for improper backing, each of which occurred less than a year before the collision;

e.    Entrusting the subject tractor-trailer rig Defendant Wade was driving at the time of the collision to him, when each knew or should have known he had exhibited a pattern of negligence, incompetence, and recklessness in the operation of motor vehicles;

f.    in failing to adequately train, instruct, and supervise Defendant Wade concerning the safe operation of the subject tractor-trailer rig, including but not limited to proper operation of the subject tractor-trailer rig in snowy, icy, and other severe winter weather conditions; and

g.    in other such ways as may be uncovered in discovery and proven by the evidence.

60.    As a direct and proximate result of the individual and collective negligence of Defendants AVLI and DTSI described in Count 5, the collision occurred, and Plaintiff sustained the injuries and damages set forth above from that collision.

19

61.     The collision and the injuries and damages caused thereby were reasonably foreseeable.

WHEREFORE, the Plaintiff prays for judgment in Count 5 against Defendant AVLI and Defendant DTSI and requests this Court award a fair and reasonable amount in excess of $25,000 to compensate Plaintiff for all his damages, that the Court award the Plaintiff his costs and expenses incurred herein, post-judgment interest at the lawful rate, and for such other and further relief as this Court deems right and just under the circumstances.

## COUNT 6 – NEGLIGENCE PER SE OF
## ATLAS VAN LINES, INC. AND DEDICATED TRANSPORT SERVICES, INC

62.     Plaintiff incorporates by reference the facts and allegations stated in all the preceding paragraphs of this Petition as though fully set forth below.

63.     Defendant AVLI and Defendant DTSI were each negligent *per se* in violating certain Missouri statutes and United States Federal Motor Carrier Safety Regulations by and through their agent Defendant Wade, as set forth in Count 2, paragraphs 41 and 42, *supra*, enacted for the benefit of Plaintiff and others travelling on Missouri public roadways and interstate highways, which are hereby incorporated in Count 6 by reference.

64.     Defendant AVLI and Defendant DTSI were each also negligent *per se* in violating certain Missouri statutes and United States Federal Motor Carrier Safety Regulations enacted for the benefit of Plaintiff and others travelling on Missouri public roadways and interstate highways as follows:

    a.     49 C.F.R. § 390.3(e)(1)-(2), which provides that Defendant AVLI and
            Defendant DTSI each be knowledgeable of and comply with all
            regulations contained in this subchapter that are applicable to that motor
            carrier's operations and that each's driver and employee involved in motor

20

carrier operations shall be instructed regarding, and shall comply with, all applicable regulations contained in that subchapter; and

b.    in other such ways as may be uncovered in discovery and proven by the evidence.

65.    The violations of the aforementioned statutes and regulations by Defendant AVLI and Defendant DTSI individually and collectively, proximately and directly caused the collision.

66.    Plaintiff, as a traveler in a motor vehicle on a public highway in the state of Missouri, was a member of the class of persons intended to be protected by the above-referenced statutes and regulations.

67.    Plaintiff, as commercial motor vehicle driver subject to the Federal Motor Carriers Safety Regulations and as a traveler in a motor vehicle on an interstate highway in the state of Missouri on which vehicles governed by the United State Federal Motor Carrier Safety Regulations drive, was a member of the class of persons intended to be protected by the above-referenced statutes and regulations.

68.    The serious personal injuries and damages sustained by Plaintiff were of the kind the above-referenced statutes and regulations were designed and intended to prevent.

WHEREFORE, the Plaintiff prays for judgment in Count 6 against Defendant AVLI and Defendant DTSI and requests this Court award a fair and reasonable amount in excess of $25,000 to compensate Plaintiff for all his damages, that the Court award the Plaintiff his costs and expenses incurred herein, post-judgment interest at the lawful rate, and for such other and further relief as this Court deems right and just under the circumstances.

## COUNT 7 – PUNITIVE DAMAGES

69.    Plaintiff incorporates by reference the facts and allegations stated in all the

Electronically Filed - Clay - August 27, 2020 - 04:34 PM

preceding paragraphs of this Petition as though fully set forth below.

      70.    The conduct of the Defendants, as set forth in the above paragraphs and specifically in Counts 1 through 6, was wholly reckless and showed indifference to and a conscious disregard of Plaintiff's life, health, and safety, such that an award of punitive damages would be appropriate under the circumstances.

      71.    At the time Defendant Wade was operating the subject tractor-trailer and caused the collision, he knew, or in the exercise of ordinary care should have known, that his conduct was outrageous and created a high degree of probability of injury to others and thereby showed willful and wanton disregard for the safety of others, including Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

      72.    At the time of the collision, Defendant AVLI knew, or in the exercise of ordinary care should have known, that its conduct was outrageous and created a high degree of probability of injury to others and thereby showed willful and wanton disregard for the safety of others, including Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

      73.    At the time of the collision, Defendant DTSI knew, or in the exercise of ordinary care should have known, that its conduct was outrageous and created a high degree of probability of injury to others and thereby showed willful and wanton disregard for the safety of others, including Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

      74.    Upon information and belief, at the time of the wreck, Defendant Wade was acting as an employee of both Defendant AVLI and Defendant DTSI, and therefore pursuant to § 537.067.1, R.S.Mo., Defendant AVLI and Defendant DTSI shall be jointly and severally liable for the amount of the judgment against Defendant Wade.

      WHEREFORE, the Plaintiff prays for judgment in Count 7 against Defendant Wade,

Defendant AVLI, and Defendant DTSI, jointly and severally, and requests this Court award a fair and reasonable amount in excess of $25,000 to compensate Plaintiff for all his damages, that the Court award the Plaintiff his costs and expenses incurred herein; that the Court award Plaintiff punitive damages; post-judgment interest at the lawful rate; and for such other and further relief as this Court deems right and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all triable issues in the above-captioned case.

Respectfully submitted,

SANDERS.LAW

*/s/ Alexander C. Melin*
Alexander C. Melin                    # 70513
Stephen G. Sanders,                   # 51172
9800 NW Polo Drive, Suite 100
Kansas City, MO 64153-1397
Telephone:     (816) 457-6006
Facsimile:     (816) 912-4810
steve@sanders.law
alex@sanders.law

ATTORNEYS FOR PLAINTIFF

23



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| Judge or Division:<br>JANET SUTTON | **Case Number: 20CY-CV06971** |
|---|---|
| Plaintiff/Petitioner:<br>MORRIS N WELLS | Plaintiff's/Petitioner's Attorney/Address<br>ALEXANDER CONRAD MELIN<br>9800 NW POLO AVENUE<br>SUITE 100 |
| vs. | KANSAS CITY, MO 64153 |
| Defendant/Respondent:<br>ATLAS VAN LINES, INC. | Court Address:<br>11 S WATER |
| Nature of Suit:<br>CC Pers Injury-Vehicular | LIBERTY, MO 64068 |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** ATLAS VAN LINES, INC.
**Alias:**

**1212 SAINT GEORGE ROAD
EVANSVILLE, IN 47711**

*COURT SEAL OF*

*CLAY COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____8/28/2020_____
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ ____10.00____ |
| Mileage | $ _____ ( ____ miles @ $.____ per mile) |
| **Total** | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 4:22-cv-00124-SRB   Document 1-1   Filed 02/25/22   Page 26 of 40



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| Judge or Division:<br>JANET SUTTON | Case Number: 20CY-CV06971 |
|---|---|
| Plaintiff/Petitioner:<br>MORRIS N WELLS | Plaintiff's/Petitioner's Attorney/Address<br>ALEXANDER CONRAD MELIN<br>9800 NW POLO AVENUE<br>SUITE 100 |
| vs. | KANSAS CITY, MO 64153 |
| Defendant/Respondent:<br>ATLAS VAN LINES, INC. | Court Address:<br>11 S WATER |
| Nature of Suit:<br>CC Pers Injury-Vehicular | LIBERTY, MO 64068 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **DEDICATED TRANSPORT SERVICES, INC**
Alias:

**SERVE RA: BETH ESPIE**
**3690 ROYAL DRIVE, STE 200**
**KENNESAW, GA 30144**

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____8/28/2020_____          _____
Date                                              Clerk

**CLAY COUNTY**          Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____(name)_____(title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date                                              Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-1043**          1 of 1          Civil Procedure Form No. 1, Rules 54.01 – 54.05,
CLAY (2-11) (SMCCCY)          54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo
Case 4:22-cv-00124-SRB   Document 1-1   Filed 02/25/22   Page 27 of 40



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JANET SUTTON | **Case Number: 20CY-CV06971** |
| Plaintiff/Petitioner:<br>MORRIS N WELLS | Plaintiff's/Petitioner's Attorney/Address<br>ALEXANDER CONRAD MELIN<br>9800 NW POLO AVENUE<br>SUITE 100 |
| vs. | KANSAS CITY, MO 64153 |
| Defendant/Respondent:<br>ATLAS VAN LINES, INC. | Court Address:<br>11 S WATER |
| Nature of Suit:<br>CC Pers Injury-Vehicular | LIBERTY, MO 64068 |
| | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** TYRONE V WADE | |
| **131 CEDAR ROAD**<br>**OCALA, FL 34472** | Alias: |

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| | | |
|---|---|---|
| 8/28/2020 | | |
| Date | | Clerk |

**CLAY COUNTY**

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

| *(Seal)* | Subscribed and sworn to before me on _____ (date). |
|---|---|
| | My commission expires: _____ _____ |
| | Date         Notary Public |

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-1044**     1 of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05,
CLAY (2-11) (SMCCCY)     54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00124-SRB    Document 1-1    Filed 02/25/22    Page 28 of 40

# IN THE CIRCUIT COURT OF CLAY COUNTY, LIBERTY, MISSOURI

MORRIS N. WELLS,
1633 SW Fredrick Drive
Lees Summit Mo 64081

                              Plaintiff,

v.                                          Case No. 20CY-CV06971
                                            JURY TRIAL REQUESTED

ATLAS VAN LINES, INC.,
Serve:  CSC-Lawyers Incorporating Service Co.
        221 Bolivar Street
        Jefferson City, MO 65101

and

DEDICATED TRANSPORT SERVICES INC.,
Serve:  Beth Espie
        3960 Royal Drive, Suite 200
        Kennesaw, GA 30144

and

TYRONE V. WADE,
131 Cedar Road
Ocala, FL 34472-8337

                              Defendants.

## REQUEST FOR ALIAS SUMMONSES

I hereby request that the circuit clerk issue alias summonses for the following Defendants,

upon whom the original summonses were not served:

ATLAS VAN LINES, INC.,
Serve:      CSC-Lawyers Incorporating Service Co.
            221 Bolivar Street
            Jefferson City, MO 65101

and

Electronically Filed - Clay - January 20, 2022 - 04:47 PM

DEDICATED TRANSPORT SERVICES INC.,
Serve:     Beth Espie
            3960 Royal Drive, Suite 200
            Kennesaw, GA 30144

and

TYRONE V. WADE,
131 Cedar Road
Ocala, FL 34472-8337

                              Respectfully submitted,

                              **SANDERS.LAW**

                              /s/ Alexander C. Melin
                              Stephen G. Sanders, # 51172
                              Alexander C. Melin # 70513
                              9800 NW Polo Drive, Suite 100
                              Kansas City, MO 64153-1397
                              Telephone: (816) 457-6006
                              Facsimile: (816) 912-4810
                              steve@sanders.law
                              alex@sanders.law

                              **ATTORNEYS FOR PLAINTIFF**



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| Judge or Division:<br>JANET SUTTON | Case Number: 20CY-CV06971 |
|---|---|
| Plaintiff/Petitioner:<br>MORRIS N WELLS | Plaintiff's/Petitioner's Attorney/Address<br>ALEXANDER CONRAD MELIN<br>9800 NW POLO AVENUE<br>SUITE 100 |
| vs. | KANSAS CITY, MO 64153 |
| Defendant/Respondent:<br>ATLAS VAN LINES, INC. | Court Address:<br>11 S WATER |
| Nature of Suit:<br>CC Pers Injury-Vehicular | LIBERTY, MO 64068 |
|  | (Date File Stamp) |

## ALIAS Summons in Civil Case

**The State of Missouri to:** ATLAS VAN LINES, INC.
      **Alias:**
**CSC-Lawyers Incorporating Service Co.**
**221 Boliver Street**
**Jefferson City, MO 65101**

*COURT SEAL OF*

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*CLAY COUNTY*

        1/21/2022                    Pam Harris
          Date                                        Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
   Printed Name of Sheriff or Server               Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                          Date                       Notary Public

**Sheriff's Fees**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $___10.00___ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 4:22-cv-00124-SRB    Document 1-1    Filed 02/25/22    Page 31 of 40



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| Judge or Division:<br>JANET SUTTON | Case Number: 20CY-CV06971 |
|---|---|
| Plaintiff/Petitioner:<br>MORRIS N WELLS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>ALEXANDER CONRAD MELIN<br>9800 NW POLO AVENUE<br>SUITE 100<br>KANSAS CITY, MO 64153 |
| Defendant/Respondent:<br>ATLAS VAN LINES, INC.<br>Nature of Suit:<br>CC Pers Injury-Vehicular | Court Address:<br>11 S WATER<br>LIBERTY, MO 64068<br><br>(Date File Stamp) |

## ALIAS Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **DEDICATED TRANSPORT SERVICES, INC**
  Alias:

**SERVE: BETH ESPIE**
**3690 ROYAL DRIVE**
**SUITE 200**
**KENNESAW, GA 30144**

*COURT SEAL OF*

*CLAY COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____1/21/2022_____      _Pam Harper_
Date          Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)    ☐ the clerk of the court of which affiant is an officer.
                ☐ the judge of the court of which affiant is an officer.
*(Seal)*             ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Service Fees, if applicable**
Summons    $_____
Non Est      $_____
Mileage     $_____ ( _____ miles @ $ _____ per mile)
**Total**       $_____

See the following page for directions to clerk and to officer making return on service of summons.

Case 4:22-cv-00124-SRB   Document 1-1   Filed 02/25/22   Page 32 of 40

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| Judge or Division:<br>JANET SUTTON | Case Number: 20CY-CV06971 |
|---|---|
| Plaintiff/Petitioner:<br>MORRIS N WELLS | Plaintiff's/Petitioner's Attorney/Address:<br>ALEXANDER CONRAD MELIN<br>9800 NW POLO AVENUE<br>SUITE 100 |
| vs. | KANSAS CITY, MO 64153 |
| Defendant/Respondent:<br>ATLAS VAN LINES, INC. | Court Address:<br>11 S WATER<br>LIBERTY, MO 64068 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## ALIAS Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| The State of Missouri to: TYRONE V WADE | |
|---|---|
| | Alias: |

**131 CEDAR ROAD**
**OCALA, FL 34472-8337**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*CLAY COUNTY*

_____1/21/2022_____     _Pam Harliss_
Date                      Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server           Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)    ☐ the clerk of the court of which affiant is an officer.
                ☐ the judge of the court of which affiant is an officer.
*(Seal)*         ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 22-SMOS-8**     1 of 2   **(20CY-CV06971)**     Rules 54.06, 54.07, 54.14, 54.20;
CLAY (2-11) (SMOSCY)                                                   506.500, 506.510 RSMo

Case 4:22-cv-00124-SRB    Document 1-1    Filed 02/25/22    Page 34 of 40

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (7-04) SM60 *For Court Use Only*: **Document ID# 22-SMOS-8**     2 of 2     (**20CY-CV06971**)     Rules 54.06, 54.07, 54.14, 54.20;
CLAY (2-11) (SMOSCY)     506.500, 506.510 RSMo

Case 4:22-cv-00124-SRB   Document 1-1   Filed 02/25/22   Page 35 of 40

Electronically Filed - Clay - February 02, 2022 - 01:18 PM

# AFFIDAVIT OF SERVICE

**State of Missouri**              County of Clay              7th Judicial Circuit Court

Case Number: 20CY-CV06971

/Petitioner:
**MORRIS N. WELLS**

vs.

Defendant/Respondent:
**ATLAS VAN LINES, INC.**

For:
Alexander Melin, Esq.
SANDERS LAW
9800 NW Polo Drive
Suite 100
Kansas City, MO 64153-1397

Received by BLACK DIAMOND PROCESS SERVICE on the 27th day of January, 2022 at 2:14 pm to be served on **TYRONE V. WADE, 3 PINE TRACK TRL, OCALA, FL 34472.**

I, KENNETH W. KELLEY, JR., being duly sworn, depose and say that on the **2nd day of February, 2022** at **11:00 am, I:**

**INDIVIDUALLY** served by delivering a true copy of the **ALIAS SUMMONS FOR PERSONAL SERVICE OUTSIDE THE STATE OF MISSOURI with PETITION FOR DAMAGES** with the date and hour of service endorsed thereon by me, to: **TYRONE V. WADE** at the address of: **3 PINE TRACK TRL, OCALA, FL 34472**, and informed said person of the contents therein.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Description** of Person Served: Age: 55, Sex: M, Race/Skin Color: Black, Height: 6'0", Weight: 170, Hair: Black, Glasses: N

I certify that I have no interest in the above action, am over the age of 18, and have proper authority in the jurisdiction in which this service was effected. Under penalties of perjury, I declare that I have read the foregoing return and that the facts stated in it are true to the best of my knowledge.

STATE OF **Fl**, COUNTY OF **MARION**
Subscribed and sworn to before me by means of
[X] Physical Presence or [ ] Online Notarization, on this
___ day of **Feb**, 20 **22**, by the affiant
[ ] who is personally known to me or [ ] who produced identification.
Type of ID: _____

Notary Signature

**Kimberly Phillips**
COMMISSION # GG251526
EXPIRES: August 22, 2022
Bonded Thru Aaron Notary

**KENNETH W. KELLEY, JR.**
C.P.S. ID #03-4-14

**BLACK DIAMOND PROCESS SERVICE**
www.blackdiamondprocess.com
1202 S.W. 17th Street, Suite 201, #224
Ocala, FL 34471
(855) 737-8335

Our Job Serial Number: BDI-2022007403
Service Fee: $65.00

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2f

Case 4:22-cv-00124-SRB   Document 1-1   Filed 02/25/22   Page 36 of 40



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| Judge or Division:<br>JANET SUTTON | Case Number: 20CY-CV06971 | |
|---|---|---|
| Plaintiff's/Petitioner:<br>MORRIS N WELLS | Plaintiff's/Petitioner's Attorney/Address:<br>ALEXANDER CONRAD MELIN<br>9800 NW POLO AVENUE<br>SUITE 100<br>KANSAS CITY, MO 64153 | SERVER INITIALS: _KWK_<br>SERVER ID: _03-4-14_<br>Certified Process Server Florida 5th Judicial Circuit |
| vs. | | |
| Defendant/Respondent:<br>ATLAS VAN LINES, INC. | Court Address:<br>11 S WATER<br>LIBERTY, MO 64068 | DATE SERVED: _2 / 2 / 2022_<br>TIME SERVED: _11:00_ AM/ PM |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | _(Date File Stamp)_ |

## ALIAS Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **TYRONE V WADE**
Alias:

**131 CEDAR ROAD**
**OCALA, FL 34472-8337**

*COURT SEAL OF*

*CLAY COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_1/21/2022_ _____
Date                                                     Clerk

Further Information: _____

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _CERTIFIED PROCESS SERVER_ of _MARION COUNTY_ County, _FLORIDA_ (state).
3. I have served the above summons by: (check one)
   - ☑ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other (describe)

Served at _3 PINE TRACK TRL , OCALA,_ (address)
in _MARION_ County, _FLORIDA_ (state), on _12/2/2022_ (date) at _11:00 AM_ (time).
_Kenneth W. Kelley, Jr._ _ID# 03-4-14_
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

Subscribed and Sworn To me before this _2nd_ (day) _Feb_ (month) _2022_ (year)
(check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☑ authorized to administer oaths in the state in which the affiant served the above summons.
  (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

**Kimberly Phillips**
**COMMISSION # GG251526**
**EXPIRES: August 22, 2022**
**Bonded Thru Aaron Notary**

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ 65 |
| Non Est | $ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ 65 |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (7-04) SM60 *For Court Use Only.* Document ID# 22-SMOS-8                2 of 2        (20CY-CV06971)                          Rules 54.06, 54.07, 54.14, 54.20,
CLAY (2-11) (SMOSCY)                                                                                                                                    506.500, 506.510 RSMo

Case 4:22-cv-00124-SRB   Document 1-1   Filed 02/25/22   Page 38 of 40



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

RECEIVED

JAN 31 2022

COLE COUNTY
SHERIFF'S OFFICE

| Judge or Division:<br>JANET SUTTON | Case Number: 20CY-CV06971 |
| --- | --- |
| Plaintiff/Petitioner:<br>MORRIS N WELLS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ALEXANDER CONRAD MELIN<br>9800 NW POLO AVENUE<br>SUITE 100<br>KANSAS CITY, MO 64153 |
| Defendant/Respondent:<br>ATLAS VAN LINES, INC. | Court Address:<br>11 S WATER |
| Nature of Suit:<br>CC Pers Injury-Vehicular | LIBERTY, MO 64068                    (Date File Stamp) |

## ALIAS Summons in Civil Case

The State of Missouri to: ATLAS VAN LINES, INC.
Alias:
**CSC-Lawyers Incorporating Service Co.**
**221 Boliver Street**
**Jefferson City, MO 65101**

FEB 14 2022
CLAY COUNTY
CIRCUIT

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**CLAY COUNTY**

_1/21/2022_ _____     _Pam Harlew_ _____
Date                                              Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_CSC Lawyers, R.S._ (name), _designee_ (title).
☐ other _____

Served at _350 E. High_ (address)
in _Cole_ (County/City of St. Louis), MO, on _02-01-2022_ (date) at _800AM_ (time).
_Sheriff John P Wheeler_ by _EA aimee Wray_
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

_(Seal)_

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date                                                     Notary Public

| Sheriff's Fees | | |
| --- | --- | --- |
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ | ( _____ miles @ $. _____ per mile) |
| Total | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* **Document Id # 22-SMCC-49**      | of |      Civil Procedure Form No. 1, Rules 54.01 – 54.05,
CLAY (2-11) (SMCCCY)                                                                                                          54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Clay - February 22, 2022 - 11:07 AM



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| Judge or Division:<br>JANET SUTTON | Case Number: 20CY-CV06971 |
|---|---|
| Plaintiff/Petitioner:<br>MORRIS N WELLS | Plaintiff's/Petitioner's Attorney/Address:<br>ALEXANDER CONRAD MELIN<br>9800 NW POLO AVENUE<br>SUITE 100 |
| vs. | KANSAS CITY, MO 64153 |
| Defendant/Respondent:<br>ATLAS VAN LINES, INC. | Court Address:<br>11 S WATER |
| Nature of Suit:<br>CC Pers Injury-Vehicular | LIBERTY, MO 64068 |
| | (Date File Stamp) |

## ALIAS Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **DEDICATED TRANSPORT SERVICES, INC**
Alias:

**SERVE: BETH ESPIE**
**3690 ROYAL DRIVE**
**SUITE 200**
**KENNESAW, GA 30144**

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**CLAY COUNTY**

_____1/21/2022_____      _Ann Harris_
Date          Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Process Server_ of _Cherokee_ County, _GA_ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   - ☒ (for service of a corporation) delivering a copy of the summons and a copy of the petition to _Beth Espie_ (name) _Registered Agent_ (title).
   - ☐ other (describe)

Served at _3320 Holcomb Ridge Trail Acworth_ (address)
in _Cobb_ County, _Georgia_ (state), on _5/16/22_ (date) at _6:40 pm_ (time).

_Steven M Barney Jr_      _Steven M Barney_
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)
   - ☐ the clerk of the court of which affiant is an officer.
   - ☐ the judge of the court of which affiant is an officer.
   - ☒ authorized to administer oaths in the state in which the affiant served the above summons.
     (use for out-of-state officer)
   - ☐ authorized to administer oaths. (use for court-appointed server)

_Mary Notary_
Signature and Title

**MARY JO BARNEY**
Notary Public, Georgia
Cobb County
My Commission Expires
February 24, 2023

| Service Fees, if applicable | |
|---|---|
| Summons | $ 10 x 2 180.00 |
| Non Est | $ |
| Mileage | $ 45.00 flat _____ miles @ $ _____ per mile) |
| Total | $ |

See the following page for directions to clerk and to officer making return on service of summons.